IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal Case No. 5:18cr00033-14 |
| | ) | |
| v. | ) | |
| | ) | |
| BRANDON W. EPPARD, | ) | By: Elizabeth K. Dillon |
| Petitioner. | ) | United States District Judge |

**MEMORANDUM OPINION**

Brandon W. Eppard, a federal inmate proceeding *pro se*, filed this motion to vacate, set aside, or correct sentence, pursuant to 28 U.S.C. § 2255, challenging the August 10, 2020 judgment imposed by this court. Having reviewed the record, the court concludes that Eppard's motion fails to state any meritorious claim for relief under 28 U.S.C. § 2255. Accordingly, his motion will be denied.

I. BACKGROUND

In April 2019, Eppard pled guilty to Count 1 of the superseding indictment against him, a charge of conspiracy to distribute a controlled substance, in violation of 21 U.S.C. §§ 841(a)(1) and 846. (Dkt. No. 403.) On August 3, 2020, he was sentenced to 130 months of imprisonment, to be followed by a three-year term of supervised release. (Dkt. No. 706.) Judgment was entered against him on August 10, 2020. (Dkt. No. 707.)

Eppard did not appeal and has not filed any post-judgment motions. His § 2255 motion was received by the Clerk on July 22, 2021, and it is timely because it was filed within one year after his judgment of conviction became final. *See* 28 U.S.C. § 2255(f)(1).

II. EPPARD'S § 2255 MOTION

Eppard's motion is brief. The substance of it is contained within two paragraphs under "Ground One" for relief, which Eppard titles, "Lack of power, Jurisdiction, Standing on Face of

Judgment." (Mot. 4, Dkt. No. 736.) For supporting facts, he wrote as follows:

> Pursuant to Title 1 U.S.C.S. 112 statutes at Large; contents; admissibility in evidence. The use term UNITED STATES OF AMERICA is not deemed to arise as a party, plaintiff as Art. I; Art. II, Art. III, defined subject to the jurisdiction of the United States or otherwise expressly authorized with conferred Power by Act of Congress to commence-prosecute an action F.R.Civ. P. 17(a)(1)(G)(2), Rule 19(b) Required Joinder Of [indispensable] party the United States Violates 18 U.S.C.S. 4001. Limitation on detention; control of prisons (a) No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress.
>
> Conclusion: Prisoner Brandon Wayne Eppard demands production of the Title 1 U.S.C.S. 112 Statutes at Large; contents; admissibility in evidence, proof that cites UNITED STATES OF AMERICA ? (OR) Relief: Void judgment, vacate sentence, release prisoner, with prejudice for due process violation(s).

(*Id.* (emphasis and punctuation as in original).) His motion contains no additional facts or argument.

It is difficult to determine from the foregoing ramblings exactly what claims Eppard is attempting to bring, and he has not offered anything sufficiently coherent to show that he is entitled to relief under 28 U.S.C. § 2255. Nonetheless, the court will construe his motion as asserting a claim that either the court lacked jurisdiction over his case, relying on 18 U.S.C. § 4001 and 1 U.S.C. § 112.[1]

### III. DISCUSSION

**A. Section 2255**

Under § 2255, a movant may attack his sentence or conviction on the grounds that it was imposed in violation of the Constitution or laws of the United States, that the court was without

---

[1] Eppard's motion also references Federal Rule of Civil Procedure 17(a)(1)(G)(2), which the court believes is a reference to Rule 17(a)(2), concerning real parties in interest. It states: "When a federal statute so provides, an action for another's use or benefit must be brought in the name of the United States." That rule, like Fedaral Rule of Civil Procedure 19, which he also cites, is applicable in civil cases and has no relevance here.

jurisdiction to impose such a sentence, that the sentence exceeded the maximum authorized by law, or that the sentence otherwise is subject to collateral attack. 28 U.S.C. § 2255(a). The movant bears the burden of proving by a preponderance of the evidence that he is entitled to relief. *White v. United States*, 352 F. Supp. 2d 684, 687 (E.D. Va. 2004) (citing *Miller v. United States*, 261 F.2d 546 (4th Cir. 1958), and *Vanater v. Boles*, 377 F.2d 898, 900 (4th Cir. 1967)). In § 2255 proceedings, "[u]nless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief, the court shall . . . grant a prompt hearing thereon, determine the issues and make findings of fact and conclusions of law with respect thereto." § 2255(b). The record in this case conclusively establishes that Eppard is not entitled to relief, so the court may address the motion without an evidentiary hearing.

**B. Eppard's Claim**

Eppard cites to both 18 U.S.C. § 4001 and 1 U.S.C. § 112. Known as the Non-Detention Act, 18 U.S.C. § 4001 states: "No citizen shall be imprisoned or otherwise detained by the United States except pursuant to an Act of Congress." 18 U.S.C. § 4001(a). The Non-Detention Act is not an obstacle to detention pursuant to lower federal court judgments in a criminal case because Congress has conferred jurisdiction on those courts to impose such judgments. *See* 18 U.S.C. § 3231 ("The district courts of the United States shall have original jurisdiction, exclusive of the courts of the states, of all offenses against the laws of the United States."). Moreover, "[i]t follows that" the jurisdiction conferred by § 3231 "necessarily includes the imposition of criminal penalties." *United States v. Beasley*, 495 F.3d 142, 147 (4th Cir. 2007) (quoting *Prou v. United States*, 199 F.3d 37, 45 (1st Cir. 1999)).

Accordingly, any claim that the court lacked jurisdiction to hear the criminal case brought against him, or that the United States lacked authority to bring it, is without merit. *See Hugi v.*

3

*United States*, 164 F.3d 378, 380 (7th Cir. 1999) ("Subject-matter jurisdiction in every federal criminal prosecution comes from 18 U.S.C. § 3231, and there can be no doubt that Article III permits Congress to assign federal criminal prosecutions to federal courts.  That's the beginning and the end of the 'jurisdictional' inquiry.") (quoted in *United States v. Hartwell*, 448 F.3d 707, 716 (4th Cir. 2006)).

Eppard also cites to 1 U.S.C. § 112, which is essentially a requirement that all laws and concurrent resolutions by "complied, edited, indexed, and published."  Presumably, this is related to his argument, based on § 4001(a), that there is no act of Congress allowing his detention.  For the reasons already discussed, however, that argument is meritless.

In short, Eppard has not provided any basis for vacating his conviction or sentence, and his motion under 28 U.S.C. § 2255 must be denied.

## C.  Certificate of Appealability

The court also must determine whether Eppard is entitled to a certificate of appealability. *See* Fed. R. Gov. § 2255 Proc. 11(a).  A certificate of appealability may issue only if the movant has made a substantial showing of the denial of a constitutional right.  28 U.S.C. § 2253(c)(2).  The movant must show that reasonable jurists could debate whether the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further.  *Miller-El v. Cockrell*, 537 U.S. 322, 338 (2003); *Slack v. McDaniel*, 529 U.S. 473, 483–84 (2000).  The court declines to issue a certificate of appealability because Eppard has not made a substantial showing of the denial of a constitutional right and reasonable jurists would not find the court's assessment of his motion to be debatable or wrong.

IV.  CONCLUSION

For the foregoing reasons, the court will deny Eppard's 28 U.S.C. § 2255 motion and deny him a certificate of appealability.

An appropriate order will be entered.

Entered: October 28, 2021.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge