IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
HARRISONBURG DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 5:18-cr-00033 |
| v. | ) | |
| | ) | By: Elizabeth K. Dillon |
| BRANDON WAYNE EPPARD | ) | United States District Judge |

**MEMORANDUM OPINION AND ORDER**

On January 31, 2022, Brandon Wayne Eppard filed a motion for compassionate release. (Dkt. No. 758.) The court appointed the Federal Public Defender to represent Eppard, but it declined to supplement his motion. (Dkt. No. 777.) The government opposes the motion. (Dkt. No. 781.) For the reasons stated below, Eppard's motion will be denied.

I. BACKGROUND

Eppard was one of eighteen defendants charged in a drug trafficking conspiracy involving methamphetamine and heroin. Eppard pleaded guilty to one count of conspiracy to distribute methamphetamine and heroin. As explained in the government's sentencing memorandum, the drug conspiracy was a "long term, financially lucrative scheme to traffic in controlled substances." (Dkt. No. 673.) Eppard maintained a residence used by members of the conspiracy to store, use, and sell drugs, as well as firearms. He participated in the conspiracy for about two years and was held responsible for at least 5 kilograms of methamphetamine. He was involved in at least one firearm transaction, and he accompanied others on trips to Baltimore to pick up heroin. He, however, was not a major drug distributor.

The undersigned judge sentenced Eppard on August 3, 2020, to 130 months imprisonment, and he is serving his sentence at FCI Fort Dix in New Jersey with a release date

of April 10, 2028.[1]  He has served less than one third of his sentence.

Eppard, who is 32 years old, seeks release due to the COVID-19 pandemic.  He is obese and therefore argues that he has "a higher chance of suffering from increased effects of COVID-19."  (Dkt. No. 758 at 28.)  Eppard also suffers from anxiety and mental health issues.  His mother passed away earlier this year due to complications from COVID-19.  According to Eppard's medical records, he has a high BMI and is "being counseled for healthy lifestyle changes including weight reduction by cutting back on calories."  (Dkt. No. 783 at 2.)  Eppard weighs 248 pounds.  He is prescribed Buspirone for an "unspecified depressive disorder, unspecified anxiety disorder, unspecified mood affective disorder."  (*Id.* at 6.)  Eppard has received the COVID-19 vaccine, including a booster shot on December 1, 2021.  (Dkt. No. 783-2.)  Currently, Fort Dix FCI reports no COVID-19 positive inmates and 2 COVID-19 positive staff members.[2]

## II.  ANALYSIS

**A.  Compassionate Release Under the First Step Act**

United States Code Title 18, Section 3582(c)(1)(A), as amended by the First Step Act and in pertinent part, provides that the court may not modify a term of imprisonment once it has been imposed except that:

> (A) the court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment (and may impose a term of probation or supervised release with or without conditions that does not exceed the unserved portion of the original term of

---

[1] *See* https://www.bop.gov/inmateloc/ (last visited May 24, 2022).

[2] *See* https://www.bop.gov/coronavirus (last visited May 31, 2022).

> imprisonment), after considering the factors set forth in section 3553(a) to the extent they are applicable, if it finds that –
>
> (i) extraordinary and compelling reasons warrant such a reduction . . . .

Thus, after considering any applicable § 3553(a) factors, if the court finds extraordinary and compelling reasons warrant a reduction and if it finds a reduction consistent with any applicable Sentencing Commission policy statements, it may reduce a term of imprisonment. However, "the Commission has yet to issue a policy statement that applies to motions filed by defendants [rather than motions filed by BOP] under the recently amended § 3582(c)(1)(A)." *United States v. Burnell*, 837 F. App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)). *See also United States v. Hargrove*, 30 F.4th 189 (4th Cir. 2022). The court, may, nonetheless, look to U.S.S.G. § 1B1.13 for guidance. *McCoy*, 981 F.3d at 282 n.7.

Because section 1B1.13 provides guidance and the Fourth Circuit has noted that it provides examples and, at least in the medical context, defines "the same substantive term that applies to BOP-filed motions," *United States v. High*, 997 F.3d 181, 186 (4th Cir. 2021), the court notes the guidance from that section. Section 1B1.13, regarding medical conditions, notes terminal illness and conditions from which a defendant is not expected to recover that substantially diminish defendant's ability to care for himself in a correctional facility (including serious physical or medical condition, serious functional or cognitive impairment, or deteriorating physical or mental health because of the aging process). Of course, this guidance is not controlling. But, because there is no policy statement regarding motions filed by defendants under the recently amended § 3582(c)(1)(A), a court may "consider *any* extraordinary and compelling reason for release that a defendant might raise." *United States v. Burnell*, 837 F.

App'x 223, 224 (4th Cir. 2021) (quoting *United States v. McCoy*, 981 F.3d 271, 280–83 (4th Cir. 2020)).

"A defendant seeking compassionate release has the burden of establishing that such relief is warranted." *United States v. Ferguson,* No. 515CR00018KDBDSC1, 2020 WL 5300874, at *2 (W.D.N.C. Sept. 4, 2020). *See also Hargrove,* 30 F. 4th at 195 (noting the information provided by the inmate "to carry his burden of demonstrating that his medical conditions served as an extraordinary and compelling reason for release."); *United States v. Brewington*, 2019 WL 3317972, at *2 (W.D. Va. July 24, 2019). *See also United States v. Weaver*, No. 1:17-CR-235, 2020 WL 4810123 (E.D. Va. Aug. 18, 2020) (citing *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56-57 (2005) (defendant bears burden as party seeking relief absent statutory guidance to the contrary)). Compassionate release is "an extraordinary and rare event." *White v. United States*, 378 F. Supp. 3d 784, 787 (W.D. Mo. 2019). Rehabilitation, standing alone, "shall not be considered an extraordinary and compelling reason" for a sentence modification. 28 U.S.C. § 994(t).

**B. Exhaustion**

Pursuant to the exhaustion requirement, an inmate is required to either fully exhaust all administrative remedies or show the lapse of 30 days from receipt of the request by the warden, whichever is earlier. 18 U.S.C. § 3582(c)(1)(A). Under the first condition, if the warden denies the request within 30 days, the inmate then must exhaust his or her administrative remedies. The second method of exhaustion is only available if the warden fails to respond within 30 days. *See, e.g., United States v. Raia*, 954 F.3d 594, 597 (3rd Cir. 2020); *United States v. Gomez*, No. 1:17CR71-1, 2021 WL 3612269 (N.D. W. Va. Aug. 13, 2021); *United States v. Jones*, No. 5:13-cr-00025, 2021 WL 32883555 *2 (W.D. Va. Aug. 2, 2021).

4

The government may waive this requirement, but it has not done so here. BOP records do not indicate that Eppard asked the warden at his facility for compassionate release. Even if Eppard had exhausted administrative remedies, his motion is denied for the reasons stated in the rest of this opinion.

**C. Extraordinary and Compelling Reasons**

The fact that COVID-19 exists and that there is a possibility that someone may contract it in a prison is insufficient, in and of itself, to grant a motion for compassionate release. See *Raia*, 954 F.3d at 597. Rather, in the context of COVID-19,

> the threshold questions are whether [the inmate] has a particularized risk of contracting COVID-19 in prison and whether his medical conditions render him particularly susceptible to severe illness or death should he contract the virus. *See High*, 997 F.3d at 185 (explaining that arguments for compassionate release "based on the coronavirus pandemic depend at least on allegations that the risk of contracting COVID-19 in a prison is higher than the risk outside the prison and that the inmate's preexisting medical condition increases that individual's risk of experiencing a serious, or even fatal, case of COVID-19").

*United States v. Youngblood*, 858 F. App'x 96, 98 (4th Cir. 2021).

While Eppard suffers from a health condition that would place him at high risk of a negative outcome if he were to contract COVID-19, Eppard's risk is greatly diminished due to being vaccinated. *See, e.g.*, *United States v. Gerald*, No. 5:18-CR-204-D-6, 2021 WL 5283293, at *3 (E.D.N.C. Nov. 12, 2021); *United States v. Sidhu*, Criminal Case No. 1:14-cr-00399 (RDA), 2021 WL 2894723, at *5 (E.D. Va. July 9, 2021) (noting that because defendant received the COVID-19 vaccination, defendant "faces reduced risks from the virus, further weighing against his request for compassionate release"). Moreover, a risk of infection, alone, is insufficient to show extraordinary and compelling reasons. *See, e.g.*, *United States v. Lemons*, 15 F.4th 747, 751 (6th Cir. 2021) ("And following full vaccination, it is now well understood, both the likelihood of contracting COVID-19 and the associated risks should one contract the

virus are significantly reduced" so that "an inmate largely faces the same risk from COVID-19 as those who are not incarcerated."); *United States v. Broadfield*, 5 F.4th 801, 803 (7th Cir. 2021) ("[F]or the vast majority of prisoners, the availability of a vaccine makes it impossible to conclude that the risk of COVID-19 is an 'extraordinary and compelling' reason for immediate release."); *United States v. Baeza-Vargas*, 532 F. Supp. 3d 840, 843–46 (D. Ariz. 2021) (collecting cases and noting consensus of district courts that have ruled that receiving a COVID-19 vaccine "weighs against a finding of extraordinary and compelling circumstances"); *United States v. Luna*, No. 7:16-CR-11-D-1, 2021 WL 5828034, at *3 (E.D.N.C. Dec. 7, 2021) (collecting cases showing the "growing consensus" of district courts denying compassionate release when an inmate is vaccinated against COVID-19).

In light of the COVID-19 vaccine, courts have recognized the difficulty in proving extraordinary and compelling reasons even when an inmate has a high-risk comorbidity. *See United States v. Murphy*, Case No. 4:03-cr-70134, 2021 WL 3084922, at *2 (W.D. Va. July 21, 2021) ("Because Murphy is now fully vaccinated, the Court finds that any increased risks posed by COVID-19 due to his underlying medical conditions do not constitute extraordinary and compelling circumstances."). *See e.g., United States v. Peterson*, 2021 WL 2156398, at *2 (E.D. Pa. May 27, 2021) (Joyner, J.) (the defendant "suffers from hypertension, asthma, and prediabetes and he is obese and a former smoker," but "[g]iven the significant protection the [Johnson and Johnson] vaccine offers and the declining rates of COVID-19 infections in prisons, we (like many other courts) do not find that Mr. Peterson has presented extraordinary and compelling circumstances at this time."); *United States v. Tello*, 2021 WL 2005792, at *5 (E.D. Tex. May 18, 2021) (holding obesity (30.3) and hypertension are not "extraordinary"

6

circumstances, notwithstanding the CDC's classification; "according to the CDC, 42.5% of the adult population in the United States is obese and 73.6% is overweight.")

Given the above reasons and the small number of cases at Fort Dix FCI, Eppard's high BMI combined with the COVID-19 pandemic does not present an extraordinary and compelling reason for compassionate release. Because of the absence of extraordinary and compelling reasons, the court will deny his motion and need not analyze the § 3553(a) factors.

### III.  CONCLUSION

Based on the foregoing, it is hereby ORDERED that Eppard's motion for compassionate release (Dkt. No. 758) is DENIED. The clerk is directed to provide a copy of this memorandum opinion and order to Eppard, all counsel of record, and the United States Probation Office.

Entered: June 1, 2022.

/s/ Elizabeth K. Dillon
Elizabeth K. Dillon
United States District Judge